**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1505**

ISRAEL ARROYO-AMADOR,

                    Petitioner,

          v.

LORETTA E. LYNCH, Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  December 27, 2016        Decided:  January 5, 2017

Before WILKINSON, KING, and THACKER, Circuit Judges.

Dismissed in part and denied in part by unpublished per curiam opinion.

Farhad Sethna, Cuyahoga Falls, Ohio, for Petitioner. Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Anthony C. Payne, Assistant Director, Neelam Ihsanullah, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Israel Arroyo-Amador, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the Immigration Judge's denial of his requests for asylum, withholding of removal and protection under the Convention Against Torture.

Arroyo-Amador first challenges the agency's determination that his asylum application is time-barred and that no exceptions applied to excuse the untimeliness. See 8 U.S.C. § 1158(a)(2)(B) (2012); 8 C.F.R. § 1208.4(a)(2) (2016). We lack jurisdiction to review this determination pursuant to 8 U.S.C. § 1158(a)(3) (2012), and find that Arroyo-Amador has not raised any claims that would fall under the exception set forth in 8 U.S.C. § 1252(a)(2)(D) (2012). See Gomis v. Holder, 571 F.3d 353, 358-59 (4th Cir. 2009). Accordingly, we dismiss the petition for review with respect to the asylum claim.

Arroyo next disputes the agency's denial of his applications for withholding of removal and protection under the Convention Against Torture. We have thoroughly reviewed the record, including the transcript of Arroyo-Amador's merits hearing, his asylum application, and all supporting evidence. We conclude that the record evidence does not compel a ruling contrary to any of the administrative findings of fact, see 8 U.S.C. § 1252(b)(4)(B) (2012), and that substantial evidence

2

supports the Board's decision.  See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).  Accordingly, we deny the petition for review in part for the reasons stated by the Board.  See In re Arroyo-Amador (B.I.A. Apr. 6, 2016).  Finally, Arroyo-Amador claims that he was denied a full and fair hearing because the Immigration Judge, upon granting his motion to reconsider based on new caselaw, closed the evidentiary record, ordered supplemental briefing, and did not consider new evidence that Arroyo-Amador sought to introduce in support of his claims. Upon review, we find that Arroyo failed to show that the proceeding was fundamentally unfair or that the outcome of his case was prejudiced by the IJ's ruling.  Anim v. Mukasey, 535 F.3d 243, 256 (4th Cir. 2008).

Accordingly, we dismiss in part and deny in part the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART
AND DENIED IN PART

3